*352 Tlie opinion of the Court was delivered by
Pochic, J.
There is no error in the judgment appealed from by defendant, who complains of the refusal of a new trial, which he had moved for on the ground that the Judge had allowed a confession of the defendant to go to the jury without preliminary proof that such confession was free and voluntary.
The record shows that the accused, being on his trial on a charge of larceny, one of the State witnesses testified that the accused had told him, in reference to the property alleged to have been stolen, and which was found in a store: “Iput it there,” and that no objection was made by counsel for the accused at that time, or at any other stage of the trial, to the admissibility of that evidence, and that the Judge gave no charge or instruction to the jury, in reference thereto. Counsel for the defendant contends that this evidence, being introduced as a confession, it was an essential condition of its introduction, that the State must first show that it was made freely, and without promise or threat, and that, in the absence of such proof, the Judge should have charged the jury that the confession, as proved, was not legal evidence, and should not be considered by them as an element of proof in the cause.
Conceding that the evidence was introduced as a confession of the accused, and that no proof was first offered to show that it was free and voluntary, we find that the question presented for solution is, whether such proof is indispensable, when the accused raises no objection to the admissibility of the evidence, and asks no charge of the Judge excluding it from the consideration of the jury, after it has been testified to.
We have carefully examined all the authorities cited by defendant’s counsel in support of his position on that point, and we find that they all, and invariably, refer to cases in which the accused had objected to the introduction of the proof of his alleged confession, or to cases where, the evidence having gone in, the accused moved for a charge or instruction of the Judge, including it as evidence in the case. State vs. Garvey and Earle, 25 A. 191; State vs. Brown, 28 A. 280; State vs. Garvey and Earle, 28 A. 927; State vs. Thomas, 30 A. 602; State vs. Johnson, 30 A. 882.
Hence, it is clear that these authorities do not in the least militate with the rule which guided the District Judge in this case, and which we consider as firmly established in criminal jurisprudence, as follows:
That in the absence of timely objection from the accused, the court will not exclude evidence of an alleged confession, because preliminary proof was not offered, on the part of the State, to show that the confession was made freely and voluntarily, unless it appear from the *353 evidence itself that the confession -was obtained from the accused by means of promises or threats, or, in other words, that it was not voluntary.
At the instance of the accused, the court must exact proof to show the nature and the circumstances of the confession, but not otherwise.
A different ruling would have a tendency to induce the accused to take his chances of an acquittal under evidence which had been introduced without objection, and in case of conviction, to obtain a new trial, on the ground of erroneous rulings by the Judge on points not raised on the trial. The Judge who conducts the trial of a criminal case, cannot be required to champion the rights of the accused, and to anticipate pleas or objections in his behalf, on points which are not suggested by his counsel, and in proceedings which are not manifestly illegal or clearly injurious to the accused.
This question was very ably reviewed and judiciously disposed of in the case of Eberhart vs. State of Georgia, 47 Georgia, p. 608, from which we quote the following language: “But confessions are not legal evidence, standing alone. They are received in criminal cases on the same principle' as in civil. It is the right of the prisoner to object to their coming in ; but if he or his counsel fail to object, and the confessions go to the jury without any special inquiry as to the circumstances, he is not entitled, to a new trial.” See also, Waterman’s Crim. Digest, No. 221, p. 149; Roscoe’s Crim. Evidence, p. 56; Wharton’s Crim. Evidence, § 689:
Under this rule of evidence, which is recognized by highly respectable authorities, and which commends itself to the favorable consideration of the legal mind both in reason and in law, we must conclude, that the defendant, having failed to object to the introduction of the evidence of his alleged confession, having failed to require preliminary proof of the circumstances under which it was made, and having failed to ask a ruling of the court, excluding this testimony, on the ground properly sustained, that it had been illegally admitted, he cannot be heard on a motion for a new trial to raise and urge such omissions or errors on the part of the District Judge, who has made a correct application of the rule in denying him that relief.
The judgment of the lower court is, therefore, affirmed.